**Canales v Noble Constr. Group, LLC**

2024 NY Slip Op 31570(U)

May 1, 2024

Supreme Court, New York County

Docket Number: Index No. 161247/2019

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. ARLENE P. BLUTH**

*Justice*

PART        **14**

-------------------------------------------------------------------------X

JOSE N. CANALES,

Plaintiff,

- v -

NOBLE CONSTRUCTION GROUP, LLC, 350 EAST HOUSTON LLC,

Defendant.

-------------------------------------------------------------------------X

NOBLE CONSTRUCTION GROUP, LLC, 350 EAST HOUSTON LLC

Plaintiff,

-against-

C & L CONCRETE CORP.

Defendant.

-------------------------------------------------------------------------X

NOBLE CONSTRUCTION GROUP, LLC, 350 EAST HOUSTON LLC

Plaintiff,

-against-

TEAM ELECTRIC INC., TEAM ELECTRIC CORP.

Defendant.

-------------------------------------------------------------------------X

C & L CONCRETE CORP.

Plaintiff,

-against-

TEAM ELECTRIC INC., TEAM ELECTRIC CORP.

Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 161247/2019 |
| MOTION DATE | 04/30/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595182/2020

Second Third-Party
Index No. 595970/2021

Third Third-Party
Index No. 596029/2021

**161247/2019 CANALES, JOSE N. vs. NOBLE CONSTRUCTION GROUP, LLC**
**Motion No. 001**

Page 1 of 4

[* 1]

The following e-filed documents, listed by NYSCEF document number (Motion 001) 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 69, 70, 71, 72, 73

were read on this motion to/for          VACATE/STRIKE - NOTE OF ISSUE    .

Defendants Noble Construction Group LLC and 350 East Houston LLC (collectively, "Movants")'s motion to strike the note of issue is granted as described below.

**Background**

In this Labor Law case, Movants seek to strike the note of issue filed on March 21, 2024 on the ground that there is outstanding discovery. They point out that they want records relating to plaintiff's July 2021 left knee surgery, plaintiff's September 2021 lumbar spine surgery and the current employment status of a potential witness ("Josue") who may, or may not, work for third-party defendant C&L Concrete Corp.

In opposition, plaintiff claims he provided the requested information about these surgeries by sending over authorizations on May 25, 2023, August 18, 2023 and on April 9, 2024. He also argues that Movants did not raise the issue of the potential witness, Josue, in prior discovery stipulations.

In reply, Movants claim that while plaintiff has provided some authorizations, he has not responded to additional demands.

**Discussion**

The Court's analysis begins with the January 8, 2024 order which provided that the note of issue date is "to be determined by the Court at the close of discovery" (NYSCEF Doc. No. 44). That order also directed the parties to update the Court about the status of discovery by March 14, 2024 (*id.*). The parties completely ignored this Court's directive and so the Court issued an order adjourning the conference to June (NYSCEF Doc. No. 45). For some reason,

**161247/2019   CANALES, JOSE N. vs. NOBLE CONSTRUCTION GROUP, LLC**
**Motion No.  001**

**Page 2 of 4**

[* 2]

plaintiff then filed the note of issue on March 21, 2024 despite the fact that the previous order (NYSCEF Doc. No. 44) and this part's rules state that the note of issue is to be filed with permission of the Court. The purpose of such a rule is to prevent the instant motion practice and focus on resolving actual discovery disputes.

Here, plaintiff did not bother to address the fact that he ignored this Court's order and effectively conceded that discovery was outstanding when he sent a letter containing requested authorizations on April 9, 2024 (the day before he filed his opposition). Therefore, the Court strikes the note of issue. Also justifying the motion to strike the note of issue is the fact that there is no dispute that Movants want information about "Josue", the potential witness, so that they can pursue discovery from this individual.

To be sure, this Court has no interest in dragging this case out forever; it has been pending for quite a while. And the Court emphasizes that Movants' focus on expert disclosure is not, as a general matter, a basis to prevent a plaintiff from filing a note of issue as expert disclosure in New York state courts is quite limited under CPLR 3101(d) (*see e.g., Rivers v Birnbaum*, 102 AD3d 26, 953 NYS2d 232 [2d Dept 2012]).

Accordingly, this Court orders third-party defendant C&L Concrete Corp. to respond to Movants' demands about "Josue" on or before May 14, 2024 (the original deadline in Movants' demand was April 21, 2024 so this information should be readily available). The Court will then hold its originally scheduled conference set for June 27, 2024 as detailed in the prior conference order NYSCEF Doc. No. 45. The parties are to update the Court by June 20, 2024 as directed in that order.

The Court intends to set a note of issue deadline in conjunction with the upcoming conference provided that there is little or no outstanding discovery. However, the Court reserves

**161247/2019  CANALES, JOSE N. vs. NOBLE CONSTRUCTION GROUP, LLC**
**Motion No.  001**

**Page 3 of 4**

3 of 4

[* 3]

the right to set a future conference should circumstances warrant such an outcome. The Court also observes that the failure to upload a discovery update by June 20, 2024 may result in the Court adjourning the conference and not setting a note of issue deadline altogether.

Accordingly, it is hereby

ORDERED that defendants' motion to strike the note is granted as described above and the note of issue is vacated and the case is stricken from the trial calendar; and it is further

ORDERED that, within 15 days from the entry of this order, movants shall serve a copy of this order with notice of entry on all parties and upon the Clerk of the General Clerk's Office, who is hereby directed to strike the case from the trial calendar and make all required notations thereof in the records of the court; and it is further; and it is further

ORDERED that such upon the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website)]; and it is further

ORDERED that third-party defendant C&L Concrete Corp. shall respond to defendants' demand (NYSCEF Doc. No. 63) on or before May 14, 2024.

See NYSCEF Doc. No. 45 regarding the next conference.

| 5/1/2024 | | | | ARLENE P. BLUTH, J.S.C. | |
|----------|--|--|--|------------------------|--|
| **DATE** | | | | | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|------------|---|---------------|---|---|----------------------|---|
| | X | GRANTED | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**161247/2019   CANALES, JOSE N. vs. NOBLE CONSTRUCTION GROUP, LLC**
**Motion No. 001**

Page 4 of 4

4 of 4